IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE AMBROSE, individually and as Administrator for the Estate of Desiree Robinson, Deceased,<br><br>        Plaintiff,<br><br>  v.<br><br>BACKPAGE.COM, L.L.C.; BACK PAGE, L.L.C.; MEDALIST HOLDINGS, L.L.C.; LEEWARD HOLDINGS, L.L.C.; CAMARILLO HOLDINGS, L.L.C.; DARTMOOR HOLDINGS, L.L.C.; IC HOLDINGS, L.L.C.; UGC TECH GROUP C.V. and ANTONIO ROSALES<br><br>        Defendants. | No. 1:17-cv-05081<br><br>Judge Manish S. Shah<br>Magistrate Judge Young B. Kim |

**DEFENDANTS BACKPAGE.COM, LLC, LEEWARD HOLDINGS, LLC, CAMARILLO HOLDINGS, LLC, DARTMOOR HOLDINGS, LLC, AND IC HOLDINGS, LLC'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendants Backpage.com, LLC, Leeward Holdings, LLC, Camarillo Holdings, LLC, Dartmoor Holdings, LLC, and IC Holdings, LLC, (collectively, "Defendants" or "Backpage")[1] pursuant to Rule 12(b)(6) hereby move the Court to dismiss the Complaint. In support, they asset the following:

---

[1] Plaintiff erroneously named Back Page, L.L.C. as a defendant, but no such entity is associated with Backpage.com. Plaintiff also erroneously named Medalist Holdings, L.L.C. as a defendant in the state court action, rather than the likely intended party Medalist Holdings, Inc. Neither entity has been served, nor has UGC Tech Group, C.V., though dismissal is warranted as to these entities for the same reasons it is required for the Backpage Defendants.

1. Plaintiff, suing individually and as Administrator for the Estate of Desiree Robinson, alleges in her complaint various claims against the Backpage Defendants under state law—namely Negligent and/or Willful and Wanton Wrongful Death (Counts 1-4), Intentional and/or Negligent Infliction of Emotional District (Counts 5-6), and Civil Conspiracy (Count 7)—in connection with the trafficking, assault, and ultimate murder of Ms. Robinson at the alleged hands of Defendant Antonio Rosales.

2. Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230 ("Section 230"), provides federal immunity to the Backpage Defendants for all causes of action alleging liability based on the speech or actions of third-party users.

    a. Even though Plaintiff's First Amended Complaint repeatedly acknowledges that advertisements on Backpage.com are created by users, that it was "two unknown adult" traffickers who created any advertisement(s) on www.backpage.com concerning Ms. Robinson, and that the attacks on her were perpetrated by Rosales, Plaintiff seeks to blame the website and affiliated entities—*i.e.*, the Backpage Defendants—for this criminal activity.

    b. Any such attempt to hold Backpage liable for the conduct of an individual who patronized and later deceived her traffickers, resulting Ms. Robinson's death runs, counter to scores of decided cases—including some involving the same Backpage Defendants sued here—that hold online publishing activities are protected by the First Amendment and immunized from liability by Section 230. This Court and the Seventh Circuit have recognized this immunity on a number of occasions. *See*, *e.g.*, *Doe v. GTE Corp.*, 347 F.3d 655, 658 (7th Cir. 2003); *Chicago*

2

*Lawyer's Comm. For Civil Rights Under The Law, Inc. v. Craigslist, Inc.*, 461 F. Supp. 2d 681, 688 (N.D. Ill. 2006), *aff'd sub nom. Chicago Lawyers' Comm. for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666 (7th Cir. 2008); *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 967 (N.D. Ill. 2009); *Blockowicz v. Williams*, 675 F. Supp. 2d 912, 916 (N.D. Ill. 2009), *aff'd,* 630 F.3d 563 (7th Cir. 2010); *Hart v. Amazon.com, Inc.*, 845 F.3d 802, 803-04 (7th Cir. 2017). *Cf. Backpage.com, LLC v. Dart*, 807 F.3d 229, 230 (7th Cir. 2015), *cert. denied*, 137 S. Ct. 46, 196 (2016).

c. Courts have dismissed virtually identical lawsuits against Backpage based on Section 230's command that "[n]o provider … of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." As in those cases, the whole of the allegations in the instant Complaint are based on Backpage.com's structure and operation, and its editorial functions and alleged knowledge of illegal activity, that are asserted to make it culpable for sex trafficking.

d. Plaintiff tries to circumvent Section 230 by peppering the Complaint with conclusory assertions that Backpage somehow "conspired" with those who purchased ads on its site, or in some way "helped" third party users create content via editorial practices. It is wrought with inflammatory rhetoric and allegations about Backpage's rules, policies and moderation, that focus almost exclusively on salaciousness and opprobrium—and not at all on the ad(s) alleged to involve Ms. Robinson, as is required under Section 230 analysis.

e. These attempts to impose notice-based liability, based on conclusory allegations untethered from specific ad(s) involving Ms. Robinson, and on intervening third-party criminal activity by Rosales and others, is preempted by Section 230, requiring dismissal of the Complaint under F.R.C.P. 12(b)(6) as to the Backpage Defendants, because it accordingly fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

f. Section 230 immunity should be resolved at the earliest phase of litigation, as it "forecloses liability" in cases where, as here, liability would attach "only in a capacity as publisher [where i]t is not the author of the ads [posted by third parties] and … as the 'speaker' of the posters' words," *Dart v. Craigslist*, 665 F. Supp. 2d at 966 (citing *Chicago Lawyers' Comm.*, 519 F.3d at 669-71, which protection is "effectively lost" if a case is improperly allowed to proceed. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) (quotation marks and citation omitted).

3. The Complaint fails to allege critical elements that make the causes of actions brought against the Backpage Defendants "plausible on [their] face,'" *Iqbal*, 556 U.S. at 678, and to support its legal conclusions with factual allegations. *Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012), and should be dismissed against the Backpage Defendants on that basis as well.

a. Plaintiff's claims based on Negligence and/or Willful or Wrongful Death (Counts 1-4) are not plausibly pled because each of those causes of action require Plaintiff

4

to establish, *inter alia*, a duty owed to Ms. Robinson by the Backpage Defendants, and that their conduct was the proximate cause of her injuries, *Shafer v. City of Springfield*, 2017 IL App (4th) 160475-U, ¶ 30 (May 26, 2017) (citing *Kirwan v. Lincolnshire–Riverwoods Fire Prot. Dist.*, 811 N.E.2d 1259, 1263 (Ill. Ct. App. 2004), but those elements are not plausibly pled.

b. *Counts 5 and 6 for Negligent and/or Intentional Infliction of Emotional Distress likewise must be dismissed for failure to plausibly plead key elements of the claims, specifically, as to negligent infliction, for the same failure as noted above regarding duty and proximate cause, see Cooney v. Chi. Pub. Schs.*, 943 N.E.2d 23, 29 (Ill. Ct. App. 2010), and as to intentional infliction also because of lack of proximate cause, but also due to failure to plead extreme or outrageous conduct (intentional or otherwise) directed to Ms. Robinson (or Ms. Ambrose) inasmuch as the Complaint, at most, alleges generalized editorial decision-making by the Backpage Defendants. Similarly, just as Plaintiff cannot turn Backpage's editorial functions designed to prevent postings that violate its terms of use into "content creation" under Section 230, she cannot claim these ameliorative efforts were "extreme and outrageous" conduct that disregarded or took no steps to address misuse of the website.

c. Count 7 of the Complaint for conspiracy directed solely at Backpage Defendants must be dismissed because parent companies and their subsidiaries and corporate affiliates are not capable of conspiring, and because Plaintiff fails to allege conspiracy with specificity required, especially (but not solely) with respect to agreement among alleged conspirators that is "a necessary and important

5

element" of the claim. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 509 (7th Cir. 2007) (quoting *McClure v. Owens Corning Fiberglass Corp.*, 720 N.E.2d 242, 258 (Ill. 1999)).

4. Backpage Defendants submit concurrently herewith a Motion for Leave to File Oversize Brief for its memorandum in support of this Motion, in order to allow full briefing of all of the foregoing issues, and will submit the memorandum once the Court decides the Motion for Leave, commensurate with the Court's ruling thereon.

WHEREFORE, Plaintiffs respectfully move the Court to dismiss the Complaint and dismiss this suit as to the Backpage Defendants.

DATED: July 13, 2017

Respectfully submitted,

By:    *s/ Wayne B. Giampietro*
Wayne B. Giampietro
POLTROCK & GIAMPIETRO
123 W. Madison, #1300
Chicago, IL 60602
Telephone (312) 236-0606

Robert Corn-Revere (application for admission filed)
Ronald G. London (application for admission filed)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 973-4200

James C. Grant (*pro hac vice* to be filed)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 622-3150

*Attorneys for Backpage.com, LLC,
Leeward Holdings, LLC, Camarillo Holdings, LLC,
Dartmoor Holdings, LLC, and IC Holdings, LLC*

6