UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE AMBROSE,<br><br>            Plaintiff,<br><br>      v.<br><br>BACKPAGE.COM, LLC, et al.,<br><br>            Defendants. | No. 17 CV 5081<br><br>Judge Manish S. Shah |

**ORDER**

Plaintiff's motion to remand, [28], is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County. Any pending motions, including defendants' motions to dismiss, [9], [15], and [52], are transferred to the Circuit Court of Cook County. The status hearing on 11/30/17 is stricken and no appearance is necessary. Terminate civil case.

**STATEMENT**

Plaintiff Yvonne Ambrose filed this action in the Circuit Court of Cook County against defendants Anthony Rosales and Backpage.com. [1-14].[1] The first amended complaint included wrongful death, negligence, willful and wanton harm, intentional and negligent infliction of emotional distress, and civil conspiracy claims against Backpage.com, and two battery counts against Rosales. *Id.*

*Background*

Ambrose is the Administrator for the Estate of Desiree Robinson. *Id.* at 1. Desiree Robinson, Ambrose's sixteen year-old daughter, disappeared from her home on November 29, 2016. *Id.* ¶¶ 1, 132, 134. Soon thereafter, the escort section on Backpage.com repeatedly hosted an advertisement for sex with a minor, along with a picture of Robinson. *Id.* ¶ 134. Backpage "systematically" searches for and elicits advertisements for prostitution and sex trafficking from "Johns," prostitutes, and other similar websites, in order to increase its number of website users. *Id.* ¶¶ 49–50.

Rosales, a thirty-two year old man, saw the advertisement with Robinson's picture on Backpage.com; he contacted the listed phone number and he arranged to have Robinson brought to his parents' home where he was hosting a party. *Id.*

---

[1] Bracketed numbers refer to entries on the district court docket.

¶¶ 145–148, 153. Rosales paid the two individuals who brought Robinson to him; he raped Robinson; and once his time "expired" with Robinson, he returned her to the two individuals. *Id.* ¶¶ 150–154. Several hours later, Rosales purchased additional time with Robinson, so the two individuals brought Robinson back to him. *Id.* ¶ 156. When Robinson resisted Rosales's attempt to rape her again, he beat her to death. *Id.* ¶¶ 160–162.

*Analysis*

Backpage removed the case on the basis of diversity jurisdiction and the doctrine of procedural misjoinder. [1] ¶ 5 (citing 28 U.S.C. § 1332). Removal based on diversity jurisdiction requires that complete diversity exists between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *id.* § 1441.

Ambrose filed a timely motion to remand under 28 U.S.C. § 1447, noting that diversity is lacking because Ambrose, Robinson, and Rosales are all citizens of Illinois.[2] [29] at 1–3. Backpage argues that Ambrose only named Rosales in the complaint to thwart diversity jurisdiction and to frustrate Backpage's statutory right of removal. According to Backpage, Ambrose's claims against it and against Rosales are not connected and thus, Ambrose improperly joined Rosales.

To support its argument, Backpage describes two similarly named doctrines: fraudulent joinder and fraudulent misjoinder. Under the former doctrine, courts disregard joinder of a defendant in two situations: (1) when there is no possibility that the plaintiff will be able to prove a cause of action against the non-diverse defendant, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); and (2) when there is outright fraud in the plaintiff's jurisdictional pleadings, *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). Under the latter doctrine, some courts disregard joinder of a defendant when there is no joint, several, or alternative liability between the diverse and non-diverse defendants, and the claims against the defendants have no connection. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent misjoinder came from the *Tapscott* decision, wherein the Eleventh Circuit reasoned that "mere misjoinder" does not destroy diversity jurisdiction, but "egregious" misjoinder is tantamount to fraudulent joinder, and therefore, such egregious misjoinder may destroy diversity. 77 F.3d at 1360.

---

[2] Ambrose also notes that Backpage did not meet the requirements of removal because it did not obtain Rosales's consent to the removal of the action. [29] at 9 (Removal requires that all defendants "who have been properly joined and served must join in or consent to the removal of the action.") (quoting 28 U.S.C. § 1446(b)(2)(A)).

2

The Seventh Circuit has not adopted the fraudulent misjoinder doctrine. *See Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 851 (S.D. Ill. 2006). At least one court in this district has declined to use the doctrine. *Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891, at *5 (N.D. Ill. Jan. 17, 2007) (noting that the lack of clarity in the fraudulent misjoinder jurisprudence is inconsistent with the Seventh Circuit's emphasis on easy-to-implement jurisdictional rules) (citing *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 806 (7th Cir. 2005)). Fraudulent misjoinder is a court-made doctrine that is inconsistent with the basic premise that Congress defines the jurisdiction of the federal courts. I decline to adopt it here.

Moreover, I find that Ambrose properly joined Rosales. Under Illinois and federal law, the plaintiff is the master of her complaint and she may join any defendants against whom liability arises from the same transaction. 735 ILCS 5/2–405(a); Fed. R. Civ. P. 20. Joinder is proper when claims arise out of closely related transactions and there is a significant question of law or fact that is common to the defendants. *Boyd v. Travelers Ins. Co.*, 166 Ill.2d 188, 199 (1995), *as modified on denial of reh'g* (June 22, 1995). The purpose behind joinder is to improve the economy of actions and to make trial more convenient. *Id.*

As Ambrose argues, her claims against Backpage and Rosales stem from the same series of transactions: Backpage knowingly created a marketplace for the sex trafficking of minors; Backpage facilitated the advertisement of the sale of Robinson for sex; and through the information on Backpage's advertisement Rosales was able to pay to have Robinson delivered to him, which allowed Rosales to rape and murder her. The chain of events that led to Robinson's death in this case was dependent on actions by both Backpage and Rosales; that satisfies the same transaction requirement for joinder. The manner and means by which Rosales and Backpage committed their alleged torts share common questions of fact; Backpage's advertising methods and Rosales's access to that advertising overlap across the claims.

Although Backpage's theory for removal was based on fraudulent misjoinder, it is worth noting that it also could not have prevailed on a theory of fraudulent joinder. The party asserting that doctrine bears a "heavy" burden of proving that after all issues of law and fact are resolved in the plaintiff's favor, there is no possibility that the plaintiff could establish a cause of action against the non-diverse defendant. *Poulos*, 959 F.2d at 73. Given Ambrose's allegations that Rosales raped and murdered Robinson, there is a high likelihood that she may prove her causes of action against him. Ambrose did not fraudulently join Rosales; he is a proper defendant in this action.

In light of Backpage's failure to carry its burden of establishing federal jurisdiction and the narrow construction of the removal statute, *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993), Ambrose's motion to remand is granted.

3

ENTER:

Date: November 21, 2017

                                                  Manish S. Shah
                                                  U.S. District Judge